**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Michael Wixted Faile, | ) | Case No. 2:25-cv-09618-RMG-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Director Rhodes, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Michael Wixted Faile ("Petitioner"), proceeding *pro se* and *in forma pauperis*, brings this petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that the petition be summarily dismissed.

## BACKGROUND

At the time Petitioner filed this case, he was awaiting trial at J. Reuben Long Detention Center for a series of criminal charges, including possession of methamphetamine (Case No. 2024A2610200714); possession of a controlled substance in Schedule I to V (Case No. 2024A2610202780); resisting arrest (Case No. 2024A2610700920); possession of a firearm by a person convicted of certain crimes (Case Nos. 2025A2610200653, -654); receiving stolen goods valued between $2,000 and $10,000 (Case No. 2025A2610400099); and possession of criminal tools (Case No. 2025A2610400098).[1] A Horry County Grand Jury issued a true bill of indictment

---

[1]    The undersigned takes judicial notice of the records filed in Petitioner's underlying state court cases. *See* Horry County Public Index, https://www.sccourts.org/case-records-search/ (limiting search to Horry County) (last visited June 9, 2026); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting

with respect to each of Petitioner's charges, with the exception of possession of a controlled substance in Schedule I to V. (*See* Indictment Nos. 2024-GS-26-03294; 2025-GS-26-01745; 2025-GS-26-03768; 2025-GS-26-03766; 2025-GS-26-03770; and 2025-GS-26-03769.)

In the present habeas petition, Petitioner alleges that these arrests were the result of "illegal harassment" and "rogue criminal activity" by the Horry County Police Department and its "Street Crimes Unit." (Dkt. No. 1 at 2, 4.) According to Petitioner, his "vehicles had GPS devices planted on them by Horry County Police," and he was "followed around and repeatedly pulled over." (*Id.* at 6.) Petitioner suggests that law enforcement conducted at least three "warrantless search of [his] residence, vehicles, and [his] person," during which he was "attacked by Horry County PD[,] including K-9 officers." (*Id.* at 7.) Petitioner further claims that during this series of arrests, law enforcement stole his "personal property . . . totaling nearly $20,000," and "[a]ssaulted, threatened, and humiliated [him] in public." (*Id.* at 6.) With respect to relief, Petitioner requests "[a] Reuben of said charges to include dismissal," the return of his "monies/property," monetary damages, and that "[a]ll Horry County Officers involved" in his arrests be "terminated" from their employment. (*Id.* at 7.)

Upon reviewing these allegations, the undersigned issued a proper form order notifying Petitioner that the Court could not authorize service of process until he either paid the requisite filing fee or sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Dkt. No. 4.) In response, Petitioner filed a timely Application to Proceed Without Prepayment of Fees. (Dkt. No. 7.) Before the undersigned had an opportunity to take any further action, however, Petitioner

---

that a federal court may take judicial notice of the contents of its own records, as well as those public records of other courts); *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites).

2

pleaded guilty to possession of methamphetamine (Case No. 2024A2610200714); receiving stolen goods valued between $2,000 and $10,000 (Case No. 2025A2610400099); and possession of criminal tools (Case No. 2025A2610400098). His remaining charges (Case Nos. 2024A2610202780; 2024A2610700920; 2025A2610200653; and 2025A2610200654) were *nol prossed*. Based on the undersigned's review, it does not appear that Petitioner has sought any post-conviction relief and/or collateral review from the South Carolina state courts.[2]

## **STANDARD OF REVIEW**

Under the established local procedure in this judicial district, a careful review has been made of Petitioner's *pro se* petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts;[3] the Anti-Terrorism and Effective Death Penalty Act of 1996; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The narrow question before the Court is whether it "plainly appears" that Petitioner is not entitled to any relief. Rule 4, Rules Governing § 2254 Cases. If so, his petition must be dismissed; if not, Respondent must respond. *Id.* Because Petitioner is a *pro se* litigant, his petition is accorded liberal construction. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon*, 574 F.2d at 1151. Even under this less stringent standard, however, the Court cannot ignore a clear failure in

---

[2]     State records further indicate that Petitioner was sentenced to ninety days of time served. *See* Horry County Public Index, https://www.sccourts.org/case-records-search/ (limiting search to Horry County) (last visited June 9, 2026). Petitioner is not listed as a prisoner with the South Carolina Department of Corrections. *See* South Carolina Department of Corrections Incarcerated Inmate Search, https://public.doc.state.sc.us/scdc-public/ (limiting search to Michael Faile) (last visited June 9, 2026).

[3]     *See* Rule 1(b), Rules Governing § 2254 Cases (allowing district courts to apply any or all of these rules to § 2241 petitions).

the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Such is the case here.

## **DISCUSSION**

At the time Petitioner filed this action, he was a pretrial detainee at J. Reuben Long Detention Center. Under certain circumstances, a pretrial detainee may bring a petition for habeas relief pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *See United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), *cert. denied*, 484 U.S. 956 (1987) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). It is well-established, however, that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971). "[I]n the absence of exceptional circumstances in criminal cases[,] the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial." *Jones v. Perkins*, 245 U.S. 390, 391–92 (1918); *see also Brazell v. Boyd*, 991 F.2d 787 (4th Cir. 1993) (Table) (explaining that such relief is available only if the detainee has "exhausted his state court remedies and shown the existence of special circumstances to justify federal intervention") (referencing *Dickerson*, 816 F.2d at 224–26)). Because Petitioner presented no such circumstances, his claims for federal habeas relief, as presented on the face of his petition, must be dismissed.

Moreover, Petitioner's claims are largely moot due to the disposition of his criminal charges in the first instance. Mootness principles derive from the requirement in Article III of the United States Constitution that federal courts adjudicate only those disputes involving "a case or controversy." *See* U.S. Const., art. III, § 2, cl. 1. "To qualify as a case fit for federal-court

adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). In other words, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Brown & Pipkins, LLC v. Serv. Employees Int'l Union*, 846 F.3d 716, 728 (4th Cir. 2017); *see also Williams v. Ozmint*, 716 F.3d 801, 808–09 (4th Cir. 2013) ("'[I]t is not enough that a dispute was very much alive when [the] suit was filed,' but the parties must continue to have a 'particularized, concrete stake' in the outcome of the case through all stages of litigation.") (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472 (1990)). A court is "deprived of jurisdiction" once a case becomes moot. *Id.* at 809.

As stated above, Petitioner's habeas petition sought the "dismissal" of his pending criminal charges. (Dkt. No. 1 at 7.) Since filing the petition, however, Petitioner has pleaded guilty to several of those charges—which resulted in a ninety-day sentence of time served—and the remaining charges were dismissed. As a result, Petitioner's request for the dismissal of his then-pending charges is now moot. *See Jones v. Dorriety*, No. 6:13-cv-2252-TMC, 2013 WL 5670944, at *2 (D.S.C. Oct. 17, 2013) (finding that a petitioner no longer has "a legally cognizable interest" in the outcome of his habeas petition if the relief sought is "dismissal or acquittal of . . . pending state criminal charges" and the petitioner has pled guilty to the same).

Finally, the remaining relief sought by Petitioner is not available under the purview of habeas corpus. Indeed, habeas petitions are traditionally brought to challenge "the very fact or duration of [] physical imprisonment, and the relief [] is a determination that [the petitioner] is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To that end, an award of money damages and/or property, as Petitioner

seeks here, is not an appropriate remedy on a writ of habeas corpus. *See id.* at 494 ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *see also Anderson v. W. Virginia Div. of Corr. & Rehab.*, No. 3:24-cv-184, 2024 WL 2350084, at *2 (S.D.W. Va. Apr. 30, 2024), *adopted*, 2024 WL 2331794 (S.D.W. Va. May 22, 2024) (explaining that compensatory and punitive damages are "remedies available in a civil rights suit but not in a habeas action") (referencing *Barela v. Martin*, 830 F. App'x 252, 255 (10th Cir. 2020)). Accordingly, the Court cannot entertain such claims under § 2241.

## CONCLUSION

Based on the above, the undersigned finds that Petitioner cannot cure the deficiencies in his petition by amendment and therefore **RECOMMENDS** that the Court **DISMISS** the petition without prejudice and without requiring Respondent to file a response.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 10, 2026
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page.

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).