**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Michael Wixted Faile, | Case No. 2:25-cv-9618-RMG |
| Petitioner, | |
| v. | **ORDER** |
| Director Rhodes, | |
| Respondent.. | |

This matter comes before the Court on an Report and Recommendation ("R & R") of the Magistrate Judge recommending that this habeas petition be summarily dismissed. (Dkt. No. 10). Petitioner was advised that he had 14 days to file written objections to the R & R and a failure to make timely objections would result in limited clear error review and a waiver of the right to appeal the District Court's decision. (*Id*. at 7).  Petitioner filed no timely objection.

## I.    Factual Background

Petitioner, acting pro se, was a pretrial detainee awaiting trial on state criminal charges when he submitted his habeas petition.  He sought dismissal of the pending criminal charges and money damages.  Petitioner subsequently pled guilty to several of the state criminal charges and received a 90 day sentence.  All other pending charges were dismissed.  The Petitioner appears not to have filed any appeal or sought post-conviction relief regarding his criminal convictions.

The Magistrate Judge recommended that this petition be summarily dismissed for the following reasons: (1) habeas relief was inappropriate while the state criminal charges were pending under *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); (2) the habeas petition was rendered largely moot by Defendant's guilty plea; and (3) Petitioner's claim for money damages is not an available remedy under a writ of habeas corpus.

## II.     Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

### C.  Discussion

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this case and correctly concluded that the petition for habeas relief should be summarily dismissed.

### D. Conclusion

The Court adopts the R & R (Dkt. No. 10) as the Order of the Court and summarily dismisses the petition.

**AND IT IS SO ORDERED**.

_s/ Richard Mark Gergel____
Richard Mark Gergel
United States District Judge

July 1, 2026
Charleston, South Carolina